IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ASTANIEL JARVIS MANN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:02-CV-147 (DF) |
| | : | |
| **ANDY WOODSON, WILL FERRELL,** | : | |
| **and DON STEWART,** | : | |
| | : | |
| Defendants. | : | |

## O R D E R

This matter is before this Court on the Motion to Enforce Settlement (doc. 97) filed by Plaintiff Astaniel Jarvis Mann ("Mann"). According to Plaintiff, he and Defendants Andy Woodson, Will Ferrell, and Don Stewart ("Defendants") "agreed on March 8, 2006 to a full settlement of the above-styled case in the amount of $7,500.00." (Pl.'s Mot. Enf. Settlement, doc. 97, ¶ 1.) Defendants do not dispute Plaintiff's foregoing contention, as they did not file a response to his Motion to Enforce Settlement, even after being ordered to do so by United States Magistrate Judge Claude W. Hicks, Jr. (Order, doc. 100.)

District courts have the inherent authority to enforce settlement agreements in actions pending before them. *See* **In re City Equities Anaheim, Ltd.**, 22 F.3d 954, 957 (9th

Cir. 1994). This inherent authority is derived from the district court's role as supervisor of the litigation and the exercise of that power is entrusted to the court's sound discretion. *See* **Carr v. Runyan**, 89 F.3d 327, 331 (7th Cir. 1996).

In this case, it is undisputed that Mann's attorney and Defendants' attorney mutually agreed to settle this case for $7,500.00 on March 8, 2006. On that date, Mann's attorney, Mr. McNeill Stokes, and Defendants' attorney, Mr. Chris Balch, exchanged a series of emails which culminated in Balch's final settlement offer of $7,500.00, and Stokes's acceptance of that offer on Mann's behalf. (*See* Pl.'s Mot. Enforce, Ex. B.) Upon reaching this agreement, Balch represented to the Court that the matter was settled. Yet, Balch was "unable to have his insurance company client make payment of the settlement check in the amount of $7,500.00 payable jointly to the Plaintiff." (Pl.'s Mot. Enforce ¶ 3.) And, despite Stokes's e-mail reminder regarding the settlement check (Pl.'s Mot. Enforce, Ex. C), his letter of April 24, 2006 regarding same (Pl.'s Mot. Enforce, Ex. D), and his Motion to Enforce Settlement (doc. 97), he still has not received payment from Defendants.

Accordingly, because Plaintiff and Defendants indisputably entered into a binding settlement agreement on March 8, 2006, and because Defendants have not fulfilled their obligation to remit payment under that agreement, Plaintiff's Motion to Enforce Settlement (doc. 97) is hereby **GRANTED**. The Clerks' Office is directed to enter judgment against

2

Defendants Andy Woodson, Will Ferrell, and Don Stewart jointly and severally in the amount of $7,500.00.

SO ORDERED, this 28th day of September, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab